UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCUS MAYS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br>NEVADA SSOCIATION SERVICES, INC.,<br><br>　　　　　Defendants. | Case No. 2:14-cv-01593-APG-CWH<br><br>ORDER ON PENDING MOTIONS, AND<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED<br><br>(Dkt. ##11, 14, 21, 25) |

Before me are motions to dismiss (Dkt. ## 11, 14) filed by defendants Ocwen Loan Servicing LLC ("Ocwen") and Nevada Association Services Inc. ("NAS"), as well as two additional motions filed by Ocwen: a motion to expunge lis pendens (Dkt. #21), and a request for a decision or hearing (Dkt. #25).

## I.     BACKGROUND

At the outset, I note that plaintiff Marcus Mays's complaint is unclear and scarce on factual background, requiring me to rely on the motions to dismiss to obtain relevant facts. The parties allude to the fact that Mays defaulted on his loan and that non-judicial foreclosure proceedings were initiated.

On or about March 15, 2014, Mays received a dunning notice from Ocwen. In June 2014, Mays obtained a consumer credit report from three credit reporting agencies: Equifax, Experian, and Transunion. Mays discovered that Ocwen reported to all three credit reporting agencies a debt he owed. On July 31, 2014, Mays received a dunning notice from NAS.

On August 18 and August 21, 2014, respectively, Mays served notices of validation of debt on NAS and Ocwen pursuant to 15 U.S.C § 1692g. On September 14, 2014, he filed disputes with the credit reporting agencies. On September 29, 2014, he filed this lawsuit.

////

////

## II. DISCUSSION

### A. Legal Standard

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; legal conclusions couched as factual assertions are not entitled to the assumption of truth. *Id.* at 678. Mere recitals of the elements of a cause of action supported only by conclusory statements do not suffice. *Id.*

Second, a district court must consider whether the factual allegations allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### B. The Fair Credit Reporting Act ("FCRA")

Enacted in 1970, the FRCA is prefaced with a congressional finding that "unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1058–1059 (9th Cir.2002). The Act provides for civil and criminal penalties for those who do not comply with its requirements. 15 U.S.C. § 1681n; 15 U.S.C. § 1681o; *see also, Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1272 (9th Cir.1990).

Although the FCRA expressly provides a private right of action for willful or negligent noncompliance with its terms, 15 U.S.C. §§ 1681n–1681o, it precludes a private right of action for claims arising under § 1681s–2(a). 15 U.S.C. § 1681s–2(c) ("Except [for circumstances not relevant here], sections 1681n and 1681o of this title do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder."); *see Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir.2009); *Nelson*, 282 F.3d at 1059–60. The duties that furnishers of information must satisfy under § 1681s–2(a) are enforceable only by federal or state agencies. *See* 15 U.S.C. § 1681s–2(d); *Gorman*, 584 F.3d at 1154. As the Ninth Circuit has explained, Congress limited enforcement of § 1681s–2(a) violations to these agencies because "Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished." *Nelson*, 282 F.3d at 1060. The Ninth Circuit has held, however, that after a furnisher of information has received a notice of dispute pursuant to § 1681s–2(b), an individual consumer does have a private right of action against that furnisher of information. *Nelson*, 282 F.3d at 1057.

Mays references section 1681s-2 multiple times as the basis of Ocwen and NAS's alleged wrongdoing. But the complaint's limited factual allegations relate to misconduct by Ocwen and NAS as furnishers of information—thereby triggering liability under section 1681s-2(a). Because no private right of action exists to enforce the provisions of that section, any claim made by Mays pursuant to section 1681s-2(a) is barred as a matter of law.

To the extent that Mays alleges violations under section 1681s-2(b), the complaint is filled with nothing more than bare factual allegations and legal conclusions. For example, Mays fails to allege any actual wrongdoing on the part of Ocwen or NAS, the alleged furnishers of inaccurate information. According to the complaint, Mays notified the credit reporting agencies on September 14, 2014 that he disputed a debt listed on his credit report; he then filed this action on September 29, 2014. Thus, when the complaint was filed, Mays had merely disputed the accuracy of his credit report to the credit reporting agencies.[1] What happened after he filed this dispute is unclear. In fact, Mays's only factual assertion of wrongdoing on the part of Ocwen and NAS is that they merely reported the debt to the three credit reporting agencies. But reporting a debt to credit reporting agencies is not a violation of section 1681s-2(b).

In sum, any wrongdoing Mays alleges pursuant to section 1681s-2(a) fails as a matter of law because there is no private right of action to enforce this provision. Accordingly, I will dismiss this claim with prejudice. I will, however, grant Mays leave to amend his claims pursuant to section 1681s-2(b) to the extent that he can state facts that support a claim and not bare legal conclusions of the defendants' purported wrongdoing.

**C. Fair Debt Collection Practices Act ("FDCPA")**

Mays alleges defendants violated unspecified provisions of the FDCPA. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA requires and prohibits certain activities by debt collectors that are done "in connection with the collection of any debt." 15

---

[1] The duties outlined in section 1681s-2(b) "arise only after the furnisher receives notice of [a] dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154 (explaining that "notice of dispute" refers to "when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information") (citation omitted); *see* 15 U.S.C. § 1681i(a)(2). Therefore, although these duties were arguably triggered after Mays reported the alleged inaccuracy, Mays does not allege that Ocwen or NAS received notice from the CRAs or somehow failed to comply with their duties.

U.S.C. §§ 1692c (prohibiting certain communications), 1692d (prohibiting harassment or abuse), 1692e (prohibiting false or misleading representations), 1692f (prohibiting unfair practices), 1692g (requiring validation of debts). The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. *See* 15 U.S.C. 1692k(a).

Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute debt collection within the ambit of the FDCPA, courts in this Circuit have regularly held that activities connected with nonjudicial foreclosure are not debt collection. *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1136 (N.D. Cal. 2013). I, too, have previously concluded that "an entity is not a 'debt collector' if its activities were connected to a nonjudicial foreclosure." *Allgood v. W. Asset Mgmt., Inc.*, No. 2:12-CV-02094-APG, 2013 WL 6234691, at *6 (D. Nev. Dec. 2, 2013).

It appears that Mays's claims arise out of a nonjudicial foreclosure and thus are outside of the scope of the FDCPA. *See Gillespie v. Countrywide Bank FSB*, 2011 WL 3652603 at *2 (D.Nev.2011) (stating without elaboration that "activities undertaken in connection with a nonjudicial foreclosure do not constitute debt collection under the FDCPA."); *see also Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or.2002) ("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money."); *Gray v. Four Oak Court Ass'n*, 580 F.Supp.2d 883, 887 (D.Minn.2008) ("[T]he statute's definition of a 'debt collector' clearly reflects Congress's intent to distinguish between 'the collection of any debts' and 'the enforcement of security interests.'"). Accordingly, Mays's FDCPA claims fail in this regard.

Moreover, Mays makes no allegations that either Ocwen or NAS have made any attempt to recover any debts or committed any allegedly abusive debt collection practices. Mays's only factual allegation is that Ocwen and NAS "continue[] to make attempts at collection of the alleged debt through erroneous credit reporting." (Dkt. #1 at 10:23-25.) Mays does not cite to authority that supports his assertion that an erroneous notation on his credit report constitutes

abusive debt collection. Nor do I know of any. His claim for relief under the FDCPA is entirely speculative. I therefore dismiss it against both Ocwen and NAS.[2]

### D. State Law Claims

Mays also asserts two claims pursuant to state law: (1) an unspecified violation of his right to privacy and (2) negligent hiring and supervision of employees of Ocwen and NAS. Mays's allegations are conclusory and devoid of any factual basis sufficient to satisfy Rule 8. Accordingly, I dismiss both of these state law claims without prejudice.

### E. Motion to Cancel Lis Pendens

Ocwen moves to cancel the lis pendens that Mays recorded against the property in the event I grant its motion to dismiss. Ocwen's counsel fails to indicate when the lis pendens was recorded or provide a copy of the lis pendens or the recording information. (Dkt. #21.) Fortunately, Mays filed a copy of the lis pendens in the court docket. (Dkt. #10.) I take this opportunity to remind counsel that it is her responsibility to present the evidence and documents that support her argument; it is not my burden to search through the docket to find supporting documents and facts. *See, e.g., Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir.1994) ("District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits."); *see also U.S. v. Dunkel*, 927 F.2d 955 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Nevertheless, I will consider the motion on the merits.

A notice of lis pendens is a notice of a pending lawsuit affecting real property recorded in the county in which the property is located. Nev.Rev.Stat. § 14.010. Because I have dismissed Mays's claims, no lawsuit remains pending to support the lis pendens. *Id.* § 14.015(3)(a). I therefore grant Ocwen's motion and order the cancellation of the notice of lis pendens. I also order Mays to record a copy of this order of cancellation with the Clark County Recorder's office. *Id.* § 14.015(5). Should he fail to do so within 30 days of entry of this order, Ocwen may record

---

[2] I also note that Mays failed to allege that he, the consumer, disputed the debt with Ocwen within the 30-day period as prescribed by 15 U.S.C. § 1692g. However, Ocwen makes no arguments with regard to this issue, so I will not address it further.

this order. This cancellation has the same effect as an expungement of the original notice. *Id.* Should Mays choose to amend his complaint or file a new lawsuit in state court, he may record a new lis pendens, if facts exist to support such an action. Nev.Rev.Stat. § 14.010, *et seq.*

### F. Motion for Hearing or Decision

As a final matter, I address Ocwen's "Request for Decision or Hearing.' (Dkt. #11.) I deny Ocwen's request as procedurally improper. However, I take this opportunity to address Ocwen's counsel's repeated attempts to prod expedited rulings on her motions. This is not the first time that Ms. Crowton has been warned regarding this type of conduct. In March 2013, Chief Judge Gloria Navarro specifically instructed counsel about the impropriety of this type of motion. *See Zizi v. Republic Mortgage, LLC, et al.*, No. 2:12–cv–18–GMN–PAL, Dkt. # 48, at 10–11. Chief Judge Navarro wrote:

> After filing their initial Motion to Dismiss, Defendants filed two other Motions Requesting Hearing or Decision on the initial motion. The Motions do not require any response, meaning they are improperly submitted as "Motions." . . . Thus, the "Motions" are inappropriate as their filing appears to be intended only to serve as "reminders" motivated by the Defendants' impatience in waiting for a decision.
>
> The Court reminds counsel that a motion requesting the Court to do what it is already required to do under the pretense of judicial economy is impertinent and exacerbates an already overcrowded docket. . . . Therefore, defense counsel should not file unnecessary and inappropriate repetitive motions that waste already overburdened judicial resources, as it is only adding to the problem, not assisting it. The Court refers counsel to Local Rule 7–6, which outlines the proper mechanism by which counsel may bring pending matters to the Court's attention to verify that the pending motion has not been miscategorized or otherwise "fallen through the cracks."

*Id.* Despite this clear admonition, Ms. Crowton filed a similar motion in a case before me less than eight months later. *See SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 2:13-cv-1689-APG-NJK, Dkt. #57 at 11. I acknowledged Chief Judge Navarro's previous admonishment and stated:

> This type of behavior is unacceptable. Failure to abide by the Local Rules of Practice— and specific instructions of judges in this District—*is sanctionable behavior*. The Court is deeply concerned that Wells Fargo and its counsel filed this frivolous motion after being specifically instructed that it is procedurally improper. Should Wells Fargo or its counsel continue filing such motions, the Court *will impose sanctions*.

*Id.* (emphasis added). These admonishments apparently have not sunken in. In the present case, Ms. Crowton filed her request for a decision 13 days after the Motion to Dismiss was fully briefed. Her request in this case is nearly identical to the requests for which she was previously chastised. Counsel's thinly-veiled attempt to have this motion moved to the top of my attention has not gone unnoticed. The unfortunate reality is that I have a substantial backlog of cases to work through. I address each as expeditiously as possible. Time spent addressing improper requests like this only adds to that backlog.

I hereby order Ms. Crowton to show cause, if any she has, why she should not be sanctioned for repeatedly ignoring this Court's orders about filing such requests. Ms. Crowton shall file a written response within 14 days of entry of this Order. Failure to do so will result in contempt sanctions without further notice.

IT IS THEREFORE ORDERED that Defendant Ocwen and NAS's Motions to Dismiss **(Dkt. ## 11, 14) are GRANTED** to the extent detailed above. Mays's claims based on section 1681s-2(a) and the FDCPA are DISMISSED WITH PREJUDICE. Mays's claims based on section 1681s-2(b) are DISMISSED WITHOUT PREJUDICE. Mays's claims based on Nevada state law are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that, within 14 days of entry of this order, Mays may file an amended complaint containing claims based on section 1681s-2(b) to the extent that he can state facts that support such claims. If Mays files an amended complaint alleging such federal claims, he may include state law claims to the extent that he can state facts that support such claims. Mays may not file an amended complaint alleging only state law claims.

IT IS FURTHER ORDERED that defendant Ocwen's motion to expunge lis pendens **(Dkt. #21) is GRANTED**.

IT IS FURTHER ORDERED that defendant Ocwen's motion for hearing **(Dkt. # 25) is DENIED**.

IT IS FURTHER ORDERED that, within 14 days of entry of this Order, Chelsea Crowton shall file a brief showing cause, if any she has, why sanctions should not be imposed against her

for repeated violations of the Court's orders and Local Rules.  Failure to do so will result in contempt sanctions without further notice.

DATED THIS 15th day of June, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE